# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DIAMOND ASHLEY WEST, | |
|     Plaintiff, | |
| -vs- | Case No. |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC, | |
|     Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DIAMOND ASHLEY WEST (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), and TRANS UNION LLC (hereinafter "Trans Union") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.      Plaintiff is a natural person and resident of Columbia County, Georgia. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

3

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

19.    Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

20.    Plaintiff has been a victim of identity theft for several years.

21.    Plaintiff has observed numerous fraudulent accounts in her credit file and has made several attempts to dispute these erroneous accounts directly with the furnishers without much success.

22.    In or about early 2024, Plaintiff contacted Equifax to dispute the fraudulent accounts in her credit file and advised the accounts, including but not limited to Total Loan Services/CC Bank, partial account number ending in x83, and Portfolio Recovery Associates, partial account number ending in x1604, did not belong to her.

23.    Plaintiff did not receive dispute results from Equifax. However, upon review of her updated credit report, Plaintiff observed Total Loan Services/CC Bank, partial account number ending in x83, and Portfolio Recovery Associates, partial account number ending in x1604, continued to appear in her credit report each with a comment which stated, "Consumer disputes after resolution".

24.    Equifax failed to do any independent investigation into Plaintiff's disputes, and never attempted to contact Plaintiff during the alleged investigation.

25.    On or about March 22, 2024, Plaintiff obtained copies of her Equifax and Trans Union credit reports. Plaintiff attempted to obtain a copy of her Experian credit report but received an error message that her credit report was unavailable. Upon review, Plaintiff observed WebBank/Gettington, partial account ending in x2816, was appearing in her credit file with an inaccurate balance. Further, Plaintiff observed twenty-nine (29) accounts which did not belong to her.

| **Furnisher** | **CRA** | **Account** | **Status** |
|---|---|---|---|
| Atlas/Exto, Inc. | Equifax, Trans Union | xNL53 | Open, Balance $8 |
| Austin Capital Bank SSB | Equifax, Trans Union | x6629 | Closed, Balance $0 |
| Ava/Bloom | Equifax | xMENI | Not more than two payments past due, Balance $25 |
| Bank of Missouri/Total Visa | Trans Union | 40573104* | Charge off, Balance $0 |
| Brigit/Coastal Community Bank | Trans Union | 1055* | Closed/60 days past due, Balance $0 |
| CCB/Bridge It Inc. | Equifax | x## | Closed, Balance $0 |
| Cleo/WebBank | Equifax, Trans Union | x5728 | Closed, Balance $0 |
| Cross River Bank/Seed | Trans Union | 1MXY** | Closed, Balance $0 |
| Kikoff Lending LLC | Equifax | x5UGS | Open, Balance $0 |
| Moneylion Inc. | Equifax, Trans Union | x4488 | Charge Off, Balance $0 |
| Oportun INC/ Progresso Fin | Trans Union | 44189*** | Closed, Balance $0 |
| Portfolio Recovery Associates | Equifax | x1604 | Closed/Collection, Balance $857 |
| Possible Financial | Trans Union | 7JM6QWNVA* | Charge Off, Balance $294 |
| Possible Financial | Trans Union | 6XK7KREG* | Closed, Balance $0 |
| Possible Financial | Trans Union | IVHEX9J* | Closed, Balance $0 |

| Furnisher | CRA | Account | Status |
|-----------|-----|---------|--------|
| Possible Financial | Trans Union | DOATGE** | Closed |
| Possible Financial | Trans Union | 8EVOILA929* | Closed |
| Possible Financial | Trans Union | 50WY48* | Closed |
| Possible Financial | Trans Union | DJWDZFBER* | Closed |
| Possible Financial | Trans Union | 5A5E0BO* | Closed |
| Possible Financial | Trans Union | 6S2SF57* | Closed |
| Possible Financial | Trans Union | DHB5TOH* | Closed |
| Possible Financial | Trans Union | 7W7QRIFY* | Closed |
| Possible Financial | Trans Union | 46VMHHB5TH* | Closed |
| Possible Financial | Trans Union | I8NYLHICQ* | Closed |
| Seedfi/CRB | Equifax | x## | Not more than two payments past due, Balance $0 |
| Self/Southstate Bank NA | Equifax, Trans Union | x2201 | Closed, Balance $0 |
| Total Loan Services/CC Bank | Equifax | x83 | Closed, Balance $0 |
| Total Loan Services/CC Bank | Equifax | x56 | Closed, Balance $0 |

26.     On or about April 6, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 171462847. In this report, she explained that she was a victim of identity theft and that the aforementioned erroneous and fraudulent accounts had been opened under her name and were listed in her credit report.

27.     Due to the inaccurate reporting, on or about April 12, 2024, Plaintiff submitted online a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised that she was a victim

of identity theft and that the aforementioned accounts did not belong to her. Additionally, Plaintiff explained that WebBank/Gettington, partial account ending in x2816, was reported with an inaccurate balance and should have a balance of $0. To confirm her identity, Plaintiff included images of her driver's license and recent utility bill in the letter. Further, Plaintiff provided images of the erroneous reporting and images of her filed FTC Identity Theft Report.

28.    On or about May 7, 2024, Plaintiff received dispute results from Trans Union which only provided dispute results as to two (2) accounts which were not included in Plaintiff's detailed dispute letter. However, upon review of her updated Trans Union credit report, Plaintiff observed WebBank/Gettington, partial account ending in x2816, continued to be reported with the inaccurate balance of $247. Further, Plaintiff observed the following as to the disputed accounts.

| **Furnisher** | **Account** | **Status** |
|---|---|---|
| Atlas/Exto, Inc. | xNL53 | Not reported |
| Austin Capital Bank SSB | x6629 | Continue to report |
| Bank of Missouri/Total Visa | 40573104* | Not reported |
| Brigit/Coastal Community Bank | 1055* | Continue to report |
| Cleo/WebBank | x5728 | Continue to report |
| Cross River Bank/Seed | 1MXY** | Continue to report |
| Moneylion Inc. | x4488 | Continue to report |
| Kikoff Lending LLC | x5UGS | Continue to report |
| Oportun INC/ Progresso Fin | 44189*** | Continue to report |
| Possible Financial | 7JM6QWNVA* | Continue to report |
| Possible Financial | 6XK7KREG* | Continue to report |

8

| Furnisher | Account | Status |
|---|---|---|
| Possible Financial | IVHEX9J* | Continue to report |
| Possible Financial | DOATGE** | Continue to report |
| Possible Financial | 8EVOILA929* | Continue to report |
| Possible Financial | 50WY48* | Continue to report |
| Possible Financial | DJWDZFBER* | Continue to report |
| Possible Financial | 5A5E0BO* | Continue to report |
| Possible Financial | 6S2SF57* | Continue to report |
| Possible Financial | DHB5TOH* | Continue to report |
| Possible Financial | 7W7QRIFY* | Continue to report |
| Possible Financial | 46VMHHB5TH* | Continue to report |
| Possible Financial | I8NYLHICQ* | Continue to report |
| Self/Southstate Bank NA | x2201 | Continue to report |

29.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

30.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

31.     On or about May 9, 2024, Plaintiff received dispute results from Equifax which stated it deleted an address from Plaintiff's credit file. Further, the results stated WebBank/Gettington, partial account ending in x2816, was verified as accurate.

32.     Plaintiff did not receive results as to any of the other dispute accounts. However, upon review of her updated Equifax credit report, Plaintiff observed the following as to the disputed accounts.

| **Furnisher** | **Account** | **Status/Comments** |
|---|---|---|
| Atlas/Exto, Inc. | xNL53 | Continue to report; "Consumer disputes" |
| Austin Capital Bank SSB | x6629 | Continue to report |
| Ava/Bloom | xMENI | Not reported |
| CCB/Bridge It Inc. | x## | Not reported |
| Cleo/WebBank | x5728 | Continue to report |
| Kikoff Lending LLC | x5UGS | Continue to report; "Consumer disputes" |
| Moneylion Inc. | x4488 | Continue to report; "Consumer disputes" |
| Portfolio Recovery Associates | x1604 | Continue to report; "Consumer disputes" |
| Seedfi/CRB | x## | Not reported |
| Self/Southstate Bank NA | x2201 | Continue to report |
| Total Loan Services/CC Bank | x83 | Continue to report; "Consumer disputes" |
| Total Loan Services/CC Bank | x56 | Continue to report |

33.   Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

34.   Equifax never attempted to contact Plaintiff during the alleged investigation.

35.   On or about May 15, 2024, Plaintiff received dispute results from Experian which deleted several hard inquiries and incorrect personal identifying information. Further, the results stated the following as to the disputed accounts.

| **Furnisher** | **Account** | **Results** |
|---|---|---|
| Atlas/Exto, Inc. | xNL53 | Verified, remains |
| Austin Capital Bank SSB | x6629 | No results, still appearing in credit report |
| Cleo/WebBank | x5728 | No results, still appearing in credit report |
| Kikoff Lending LLC | x5UGS | Verified, remains |
| Moneylion Inc. | x4488 | No results, still appearing in credit report |

| Furnisher | Account | Results |
|-----------|---------|---------|
| Oportun INC/ Progresso Fin | 44189*** | Verified, remains |
| Possible Financial | 7JM6QWNVA* | Verified and updated |
| Possible Financial | 6XK7KREG* | Verified and updated |
| Possible Financial | IVHEX9J* | Verified, remains |
| Possible Financial | DOATGE** | Verified and updated |
| Possible Financial | 8EVOILA929* | Verified, remains |
| Possible Financial | 50WY48* | Verified, remains |
| Possible Financial | DJWDZFBER* | Verified and updated |
| Possible Financial | 5A5E0BO* | Verified, remains |
| Possible Financial | 6S2SF57* | Verified and updated |
| Possible Financial | DHB5TOH* | Verified, remains |
| Possible Financial | 7W7QRIFY* | Verified and updated |
| Possible Financial | 46VMHHB5TH* | Verified and updated |
| Possible Financial | I8NYLHICQ* | Verified, remains |
| Seedfi/CRB | x## | No results, still appearing in credit report |
| Self/Southstate Bank NA | x2201 | No results, still appearing in credit report |

36.     Experian failed to do any independent investigation into Plaintiff's

disputes, but rather parroted information it received from the furnisher(s).

37.     Experian never attempted to contact Plaintiff during the alleged

investigation.

38.     Despite Plaintiff's best efforts to have the erroneous reporting

corrected, the CRAs continue to inaccurately report the fraudulent accounts in

Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing

of this Complaint.

11

39.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

40.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

41.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.    Reduction in credit score; and

    v.    Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

42.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

43.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

44.    Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

45.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

46.    Equifax selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

47.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

48.     Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

49.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

50.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

51.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DIAMOND ASHLEY WEST, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

<u>**COUNT II**</u>
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

52.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

53.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

54.    Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

55.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

56.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

57.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

58.    Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

59.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

60.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

61.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DIAMOND ASHLEY WEST, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

62.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

16

63.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

64.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

65.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

66.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

67.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

68.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DIAMOND ASHLEY WEST, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

69.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

70.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

71. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

72. Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

73. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

74. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

75. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DIAMOND ASHLEY WEST, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

76.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

77.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

78.     Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

79.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

20

80.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

81.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

82.    Experian violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

83.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

84.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

85.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DIAMOND ASHLEY WEST, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

86.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

87.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

88.     Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

89.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

90.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

91.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

92.    Experian violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

93.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

94.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

95.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DIAMOND ASHLEY WEST, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**<u>COUNT VII</u>**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

96.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

97.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

98.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

99.     Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

100.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

24

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

101.  The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

102.  Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DIAMOND ASHLEY WEST, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

103.  Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

104.  After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after

receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

105.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

106.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

107.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

108.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

109.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DIAMOND ASHLEY WEST, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

110.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

111.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

112.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

113.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

114.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

115.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

116.   Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

117.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

118.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

119.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DIAMOND ASHLEY WEST, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

120.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

121.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

122.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

123.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

124.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

125.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

126.   Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

127.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

128.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

129.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DIAMOND ASHLEY WEST, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

130.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

131.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

132.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

133.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

134.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

135.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

136.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DIAMOND ASHLEY WEST, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

137.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

138.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

139.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

140.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

141.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

142.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

143.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DIAMOND ASHLEY WEST, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DIAMOND ASHLEY WEST, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC,

jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 13th day of June 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*